Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiffs,
MONIQUE RAQUEDAN and
RONALD MARTINEZ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO RAQUEDAN, on behalf of himself, all others similarly situated; <br><br> *Plaintiff*, <br><br> vs. <br><br> CENTERPLATE OF DELAWARE, INC., a Delaware corporation; and DOES 1 through 50, inclusive, <br><br> *Defendants*. | Case No. 17-cv-03828-LHK <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> 1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198); <br> 2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198); <br> 3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); <br> 4. Failure to Indemnify/Forced Purchases (Lab. Code §§ 2802 and 450); <br> 5. Failure to Pay Vacation Wages (Lab. Code § 227.3) <br> 6. Failure to Provide Paid Sick Days (Lab. Code §§ 245, et seq.) <br> 7. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a)); <br> 8. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203); <br> 9. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs, MONIQUE RAQUEDAN ("Raquedan") and RONALD MARTINEZ ("Martinez") (both referred to as "Plaintiffs"), on behalf of themselves, all others similarly situated, complain and allege as follows:

## INTRODUCTION

1.     Plaintiffs bring this class action against defendant CENTERPLATE OF DELAWARE, INC., a Delaware corporation (referred to as "Centerplate") and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the California Labor Code and Business and Professions Code.  As set forth below, Plaintiffs allege that Defendants (a) failed to provide them and all other similarly situated individuals with meal periods; (b) failed to provide them with rest periods; (c) failed to pay premium wages for missed meal and/or rest periods; (d) failed to pay them for all hours worked; (e) failed to reimburse them for business expenses; (f) failed to pay them their accrued vacation; (g) failed to provide them with paid sick days; (h) failed to provide them with written wage statements that complied with Labor Code section 226; (i) failed to timely pay them all of their final wages following separation of employment.  Based on these alleged violations, Plaintiffs now bring this class action to recover unpaid wages, restitution, and related relief on behalf of themselves, all others similarly situated.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction to hear this case because Plaintiffs are informed and believe, and based thereon allege, that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the District Court.

3.     Venue is proper in the Northern District pursuant to 28 U.S.C. section 1391(b)(2) in that liability arose in Santa Clara County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

5.     Defendant CENTERPLATE OF DELAWARE, INC. ("Centerplate") is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of

California.

6.      Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, inclusive, but are informed and believe that said defendants are legally responsible for the conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiffs will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

7.      Plaintiffs are informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

8.      This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

9.      **Venue**: The venue is defined to be any location where Defendants serve as hospitality partner and includes Arenas, Cinemas, Collegiate Athletics, Convention Centers, Heritage, Pro Sports, Racing, Resorts, Restaurants, Theaters and Performance Arts, Transportation Hubs and Zoos and Aquariums.

10.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

11.      The class and sub-class members are defined as follows:

**Centerplate Class:**  All persons employed by Defendants and/or any staffing agencies and/or any other third parties who worked at any **Venue** in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Centerplate Meal Period Sub-Class:**  All **Centerplate Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

2

**Centerplate Rest Period Sub-Class:** All **Centerplate Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Centerplate Vacation Pay Sub-Class:** All **Centerplate Class** members who earned paid vacation days, including, but not limited to, "Floating Holidays," without receiving compensation for each vested paid vacation day during the **Relevant Time Period**.

**Centerplate Sick Pay Sub-Class:** All **Centerplate Class** members who earned paid sick days, without receiving compensation for each vested paid sick day while employed during the **Relevant Time Period**.

**Centerplate Uniform Sub-Class:** All **Centerplate Class** members who paid for uniforms, without receiving reimbursement while employed during the **Relevant Time Period**.

**Centerplate Wage Statement Penalties Sub-Class:** All **Centerplate Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Centerplate Waiting Time Penalties Sub-Class:** All **Centerplate Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Centerplate Class** members employed by Defendants in California during the **Relevant Time Period**.

12. **Reservation of Rights:** Pursuant to Federal Rules of Civil Procedure 23, Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into sub-classes, and/or by limitation to particular issues.

13. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believe that the actual number exceeds the minimum required for numerosity under California law.

14. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

    A.    Whether Defendants subjected the vacation time they offer to class members to unlawful forfeiture;

    B.    Whether Defendants maintained a policy or practice of failing to provide

3

employees with their meal periods;

C.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

D.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

E.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

F.    Whether Defendants subjected the "vacation time" and/or "floating holidays" they offer to class members to forfeiture;

G.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

H.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

I.    Whether Defendants maintained a policy or practice of not providing paid sick days to class members;

J.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

K.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

L.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition.

15.    **Typicality:**  Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believe and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged

4

herein.

16.    **Adequacy of Class Representative:**  Plaintiffs are adequate class representatives in that they have no interests that are adverse to, or otherwise conflict with, the interests of absent class members and are dedicated to vigorously prosecuting this action on their behalf.  Plaintiffs will fairly and adequately represent and protect the interests of the other class members.

17.    **Adequacy of Class Counsel:**  Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

18.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

19.    Raquedan was hired by Defendants on or about August 2014 as an hourly, non-exempt employee who worked at an entertainment venue in California.

20.    Martinez was hired by Defendants on or about July 24, 2014 as an hourly, non-exempt employee who worked at an entertainment venue in California.

**Security Check and Off-the-Clock**

21.    Plaintiffs and the putative class were required to utilize the general entrance to

5

the venues and required to go through a security check at the time of entering and leaving the venues where they worked.  The security check required Plaintiffs and the putative class to first wait in a general purpose line where anyone who wanted to enter the venues were required to go through a security screening.

22.     Plaintiffs and the putative were allowed to pass through the security check upon displaying their employee badges.  During events, security personnel would utilize a metal detector wand on everyone who entered the venues.

23.     Plaintiffs and the putative class were required to spend at least five to fifteen minutes each time they went through the security check – time that was not paid by Defendants.

24.     Plaintiffs and the putative class were required to go through the security check prior to clocking in at the beginning of each work shift and were required to clock out first at the end of each work shift prior to going through the security check.

25.     Based on the above, Defendants' security check practices has resulted in substantial amounts of time not recorded as hours worked therefore resulting in substantial amount of wages not paid to Plaintiffs and the putative class.

## **Meal/Rest Periods and Security Check**

26.     Plaintiffs and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods; and (3) practice of requiring Plaintiffs and the putative class to undergo a security check during a portion of their meal periods.

27.     Plaintiffs and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods; and (3) practice of requiring Plaintiffs and the putative class to undergo a security check during a portion of their rest periods.

28.     Plaintiffs and the putative class were required to clock out before each meal period prior to going through the security check; and were required to go through the security check prior to clocking back in at the end of each meal period.

29.     As Plaintiffs and the putative were only allotted thirty (30) minutes for each meal period, and were required to go through Defendants' security check in order to re-enter the facility, the practical effect of Defendants' policy resulted in Plaintiffs and the putative class staying on the premises and otherwise not exercising their right to leave the facility as it would intrude into their meal periods.

30.     As a result of Defendants' policy, Plaintiffs and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' requirements that required Plaintiffs and the putative class to utilize a portion of their meal periods to comply with Defendants' security check requirements.

### Shortened Meal Periods

31.     Plaintiffs alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiffs and the putative class to wait in a long line to clock in and out for their meal periods as they were required to utilize the general entrance to the venues and required to go through a security check at the time of entering and leaving the venues where they worked.  The security check required Plaintiffs and the putative class to first wait in a general purpose line where anyone who wanted to enter the venues were required to go through a security screening.  Accordingly, Plaintiffs and the putative class would typically have to wait in line before they could clock in and out for their meal periods.

32.     Accordingly, Plaintiffs and the putative class were provided with shortened meal periods due to the time spent entering and leaving the venues, undergoing security checks, and the necessary to return to their work stations.

33.     Plaintiffs alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of disciplining Plaintiffs and members of the

7

putative class, up to and including termination, if they did not clock back in from their meal periods on time.

34.    Plaintiffs alleges that, at relevant times during the applicable limitations period, due to Defendants above-mentioned policy or practice, Plaintiffs and the putative class did not receive their full thirty (30) minutes uninterrupted meal periods that they were entitled under California law.

**<u>Missed Meal Periods</u>**

35.    Plaintiffs and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

36.    As a result of Defendants' policy, Plaintiffs and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiffs and the putative class to work through their meal periods in order to complete their assignments on time.

**<u>Missed Rest Periods</u>**

37.    Plaintiffs and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

38.    As a result of Defendants' policy, Plaintiffs and the putative class were regularly

not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiffs and the putative class to work through their rest periods in order to complete their assignments on time.

## Off-the-Clock Work

39.     Plaintiffs and the putative were also not paid all wages earned as Defendants directed, permitted, or otherwise encouraged Plaintiffs and the putative class to perform off-the-clock work.

40.     Plaintiffs and the putative class regularly began work prior to their shift start times but were not permitted to clock in early.  Likewise, Plaintiffs and the putative class regularly continued to work past their shift end times but were required to clock out at the scheduled shift end time.  Defendants were aware of this practice, and directed, permitted or otherwise encouraged Plaintiffs and the putative class to perform off-the-clock work

41.     Plaintiffs and the putative class were required to clock out for their meal periods even though they remained working during their meal periods due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees not to take their meal and rest periods.

## Expense Reimbursement

42.     Plaintiffs and the putative class members were required to purchase uniforms for their own use during their employment with Defendants at their own personal expense. Plaintiffs and the putative class were threatened with disciplinary action if they did not comply and purchase the uniforms from Defendants.  Defendants failed to reimburse Plaintiffs and the putative class for such necessary business expenses incurred by them.

## Vacation Time

43.     Plaintiffs and the putative class members were not paid for all accrued vacation

wages at the time of termination. Defendants provided vacation time to Plaintiffs and the putative class as a benefit provided to all employees who were eligible. Despite Plaintiffs and the putative class accruing vacation time, Defendants failed to pay all vacation wages to Plaintiffs and the putative class upon termination of employment.

<strong><u>Sick Time</u></strong>

44.    Beginning July 1, 2015, Defendants were obligated to provide all of its employees with paid sick days pursuant to Labor Code section 245, et seq. Plaintiffs and the putative class missed days from work due to permissible reasons as stated in Labor Code section 246.5. Defendants failed to pay Plaintiffs and the putative class for missed days occasioned by one the reasons permitted by law.

<strong><u>FIRST CAUSE OF ACTION</u></strong>

<strong>FAILURE TO PROVIDE MEAL PERIODS</strong>

<strong>(Lab. Code §§ 204, 223, 226.7, 512 and 1198)</strong>

<strong>(Plaintiffs and Centerplate Meal Break Sub-Class)</strong>

45.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

46.    At all relevant times, Plaintiffs and the **Centerplate Meal Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the <u>Labor Code</u> and the Industrial Welfare Commission Wage Order 5-2001 ("Wage Order").

47.    <u>Labor Code</u> section 512 and section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

48.    <u>Labor Code</u> section 226.7 and section 11 of the applicable Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the

10

employee is not provided with the required meal period.

49.    Compensation for missed meal periods constitutes wages within the meaning of the Labor Code section 200.

50.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

51.    Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."  8 Cal. Code Regs. § 11040(11).

52.    At all relevant times, Plaintiffs were not subject to a valid on-duty meal period agreement.  Plaintiffs are informed and believe that, at all relevant times, **Centerplate Meal Break Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

53.    Plaintiffs allege that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiffs and members of the **Centerplate Meal Break Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage Order.

54.    Plaintiffs alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Centerplate Meal Break Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

55.    Plaintiffs allege that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Centerplate Meal Break Sub-Class** members for shifts of ten (10) or more hours without providing them with second meal

periods and without paying them premium wages, as required by <u>Labor Code</u> section 512 and the applicable Wage Order.

56.    At all relevant times, Defendants failed to pay Plaintiffs and **Centerplate Meal Break Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

57.    Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiffs, on behalf of themselves and the **Centerplate Meal Break Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

58.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and the **Centerplate Meal Break Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiffs and Centerplate Rest Break Sub-Class)**

59.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

60.    At all relevant times, Plaintiffs and **Centerplate Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

61.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

62.    Labor Code section 226.7 and section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular

rate of pay, on each workday that the employee is not provided with the required rest period(s).

63.    Compensation for missed rest periods constitutes wages within the meaning of the Labor Code section 200.

64.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

65.    Plaintiffs allege that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Centerplate Rest Break Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

66.    At all relevant times, Defendants failed to pay Plaintiffs and other **Centerplate Rest Break Sub-Class** members additional premium wages when required rest periods were not provided.

67.    Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

68.    Plaintiffs and the **Centerplate Rest Break Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

69.    As a result of Defendants' policy, Plaintiffs and the **Centerplate Rest Break Sub-Class** were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiffs and **Centerplate Rest Break Sub-Class** to work through their rest periods in order to complete their assignments on time.

70.    Pursuant to Labor Code sections 204, 218.6 and 226.7, Plaintiffs, on behalf of

themselves and **Centerplate Rest Break Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

71.    Pursuant to <u>Labor Code</u> section 1194, <u>Code of Civil Procedure</u> section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Centerplate Rest Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(By Plaintiffs and Centerplate Class)**

72.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

73.    At all relevant times, Plaintiffs and **Centerplate Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the <u>Labor Code</u> and the applicable Wage Orders.

74.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

75.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

76.    <u>Labor Code</u> section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

77.    <u>Labor Code</u> section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

78.    <u>Labor Code</u> section 1197 makes it unlawful for an employer to pay an employee

14

less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

79.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

80.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

81.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

82.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

83.    Labor Code section 510 and section 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

84.    Labor Code section 510 and section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

85.    Plaintiffs are informed and believe that, at all relevant times, Defendants have applied centrally devised policies and practices to them and **Centerplate Class** members with respect to working conditions and compensation arrangements.

86.    At all relevant times, Defendants failed to pay hourly wages to Plaintiffs for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by

suffering or permitting them to work during unpaid meal periods, and/or by failing to properly pay Plaintiffs and **Centerplate Class** members all overtime hours worked.

87.    Plaintiffs is informed and believes that, at all relevant times and as matters of policy and/or practice, Defendants have failed also to pay hourly wages to **Centerplate Class** members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

<u>**Premium Wages**</u>

88.    At all relevant times, Plaintiffs and **Centerplate Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

89.    Labor Code § 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of more than ten hours.

90.    Labor Code § 226.7 and Section 11 of the Wage Order prohibit an employer from requiring its employees to work during required meal periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

91.    Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

92.    Labor Code § 226.7 and Section 12 of the Wage Order prohibit an employer from requiring its employees to work during required rest periods and also require employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided

with a rest period.

93.  Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Centerplate Class** members, seek to recover reasonable attorneys' fees.

## <u>FOURTH CAUSE OF ACTION</u>

### FAILURE TO INDEMNIFY/FORCED PURCHASES

### (Lab. Code §§ 2802(a) and 450(a))

### (By Plaintiffs and Centerplate Uniform Sub-Class)

94.  Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

95.  In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

96.  In pertinent part, California Labor Code section 450(a) provides:

"No employer, or agent or officer thereof, or other person, may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of anything of value."

### Uniforms

97.  At relevant times during the applicable limitations period, Plaintiffs and the members of the **Centerplate Uniform Sub-Class** incurred necessary business related expenses and costs related to the purchase of uniforms...

98.  Pursuant to Labor Code § 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form, and make of uniforms required to be worn by their employees.

99.  Section 9 of the Wage Order states, "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

100.    At relevant times during the applicable limitations period, Defendants required Plaintiffs and the members of the **Centerplate Uniform Sub-Class** to pay for losses caused by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiffs and the members of the **Centerplate Uniform Sub-Class** for such expenditures.

101.    At relevant times during the applicable limitations period, Defendants required Plaintiffs and the members of the **Centerplate Uniform Sub-Class** to purchase and maintain uniforms and apparel unique to Defendants at their expense. Defendants failed to indemnify Plaintiffs and the members of the **Centerplate Uniform Sub-Class** for such expenditures.

102.    As a result of their reimbursement policies and practices, Plaintiffs are informed and believe and thereon allege that Defendants failed to reimburse him and **Centerplate Uniform Sub-Class** members for all necessary business expenses.

103.    By reason of the above, Plaintiffs and the members of the **Centerplate Uniform Sub-Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

104.    Plaintiffs, on behalf of themselves and the members of the **Centerplate Uniform Sub-Class**, seeks interest thereon pursuant to California Labor Code § 218.6, costs pursuant to California Labor Code § 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## <u>FIFTH CAUSE OF ACTION</u>

### FAILURE TO PAY VACATION WAGES

### (Lab. Code §§ 227.3)

### (By Plaintiffs and Centerplate Vacation Pay Sub-Class)

105.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

106.    Labor Code section 227.3 states in pertinent part:

"Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated

18

representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness."

107.    Plaintiffs are informed and believe and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of not paying **Centerplate Vacation Pay Sub-Class** members vacation wages as required by Labor Code § 227.3 upon separation of employment.

108.    Labor Code § 227.3 prohibits employers from subjecting vacation pay to unpaid forfeiture and requires an employer who has a policy that provides for vacation pay to pay its terminated employees for all of their vested and unused vacation pay.

109.    Pursuant to the California Supreme Court's decision in Suastez v. Plastic Dress-Up Co., 31 Cal. 3d. 774 (1982) and Labor Code § 227.3, vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

110.    At all relevant times, Defendants have subjected the vested vacation time and of both Plaintiffs and **Centerplate Vacation Pay Sub-Class** members to unpaid forfeiture.

111.    Suastez v. Plastic Dress-Up Co., 31 Cal.3d 774 (1982), holds that a proportionate right to vacation pay vests on a pro rata basis as the employee renders labor.

112.    Plaintiffs are informed and believe and thereon allege that, at all relevant times and in violation of Labor Code § 227.3, Defendants have maintained a floating holiday policy to which he and **Centerplate Vacation Pay Sub-Class** members are, or have been, subject, under which employees floating holiday pay not taken by the end of the calendar year and/or at termination of employment is subject to unlawful forfeiture.

113.    Plaintiffs have lost money or property as a result of unfair competition in that Defendants have not paid him for all vested and unused floating holiday pay at the end of the calendar year and/or at termination of employment in violation of Labor Code §§ 201, 204, 223 and/or 227.3.

114.    By reason of the above, Plaintiffs and the members of the **Centerplate Vacation Pay Sub-Class** are entitled to restitution for all unpaid amounts due and owing to within four

19

years (4) of the date of the filing of the Complaint until the date of entry of judgment.

115.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Centerplate Vacation Pay Sub-Class** members, seek to recover reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE SICK PAY

### (Lab. Code §§ 245, et seq.)

### (By Plaintiffs and Centerplate Sick Pay Sub-Class)

116.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

117.    Labor Code section 246(a)(1) states in pertinent part:

"An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section."

118.    Labor Code section 246(b)(1) states in pertinent part:

"An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operate date of this article, whichever is later, subject to the use and accrual limitations set forth in this section."

119.    Plaintiffs are informed and believe and thereon allege that, at all relevant times, Defendants have maintained a policy and practice of not paying **Centerplate Sick Pay Sub-Class** members paid sick days as required by Labor Code § 245, et seq. during their employment when they were out due to covered reasons.

120.    By reason of the above, Plaintiffs and the members of the **Centerplate Sick Pay Sub-Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

121.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Centerplate Sick Pay Sub-Class** members, seek to recover reasonable

attorneys' fees.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiffs and Centerplate Wage Statement Penalties Sub-Class)

122.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

123.    Labor Code § 226(a) states in pertinent part the following:

"(a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer."

124.    Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to provide **Centerplate Wage Statement Penalties Sub-Class** members with written wage statements as described supra in this complaint.

125.    Plaintiffs are informed and believe, and thereupon allege, that at all relevant times, Defendants have failed to provide **Centerplate Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because applicable meal and rest period premiums were not included and therefore gross wages earned were not accurately reflected.

126.    Plaintiffs are informed and believe, and thereupon allege, that at all relevant times, Defendants have failed to provide **Centerplate Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because hourly and overtime wages for off-the-clock work was not included and

therefore gross wages earned were not accurately reflected.

127.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times, Defendants have failed to provide **Centerplate Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because hourly and overtime wages for off-the-clock work was not included therefore total hours worked were not accurately reflected.

128.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times, Defendants have failed to provide **Centerplate Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because applicable meal and rest period premiums were not included and therefore net wages earned were not accurately reflected.

129.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times, Defendants have failed to provide **Centerplate Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because hourly and overtime wages for off-the-clock work was not included and therefore net wages earned were not accurately reflected.

130.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times, Defendants have failed to provide **Centerplate Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because hourly and overtime hours for off-the-clock work was not included and all applicable hourly rates and the corresponding number of hours worked at each hourly rate by the employee were not accurately reflected.

131.   Plaintiffs are informed and believe, and thereupon allege, that at all relevant times, Defendants have failed to provide **Centerplate Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because the name and address of the legal entity that is the employer was not provided.

132.   Plaintiffs are informed and believe that Defendants' failures to provide them

and **Centerplate Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

133.     Plaintiffs and **Centerplate Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

134.     Pursuant to Labor Code § 226(e), Plaintiffs, on behalf of themselves and **Centerplate Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiffs and Centerplate Waiting Time Penalties Sub-Class)

135.     Plaintiffs incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

136.     At all relevant times, Plaintiffs and **Centerplate Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

137.     At all relevant times, pursuant to Labor Code section 201, employees who have

been discharged have been entitled to payment of all final wages immediately upon termination.

138.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

139.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

140.    During the applicable limitations period, Defendants failed to pay Plaintiffs all of their final wages in accordance with Labor Code section 201 by failing to timely pay them all of his final wages.

141.    Plaintiffs are informed and believe that, at all relevant times, Defendants have failed to timely pay **Centerplate Waiting Time Penalties Sub-Class** members all of their final wages in accordance with Labor Code sections 201 or 202.

142.    Plaintiffs are informed and believe that, at all relevant times, Defendants have maintained a policy or practice of paying **Centerplate Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 and 202 by failing to timely pay them all final wages.

143.    Plaintiffs are informed and believe that Defendants' failures to timely pay all final wages to them and **Centerplate Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

144.    Pursuant to Labor Code sections 203 and 218.6, Plaintiffs, on behalf of themselves and **Centerplate Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

145.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Centerplate**

**Waiting Time Penalties Sub-Class** members, seek awards of reasonable costs and attorneys' fees.

## <u>NINTH CAUSE OF ACTION</u>

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiffs and UCL Class)

146.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

147.    <u>Business and Professions Code</u> section 17200 defines "unfair competition" to include any unlawful business practice.

148.    <u>Business and Professions Code</u> sections 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Federal Rules of Civil Procedure 23 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

149.    California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

150.    Plaintiffs and the **UCL Class** realleges and incorporates by reference the FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH causes of action herein.

151.    Plaintiffs lost money or property as a result of the aforementioned unfair competition.

152.    Defendants have, or may have, acquired money by means of unfair competition.

153.    Plaintiffs are informed and believe and theron allege that, by committing the Labor Code violations described in this complaint, Defendants violated <u>Labor Code</u> sections 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the <u>Labor Code</u> violations mentioned herein.

154.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-

exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked and by failing to reimburse them for all expenses.

155.    At all relevant times, Plaintiffs and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the <u>Labor Code</u> and the applicable Wage Order.

156.    As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiffs and **UCL Class** members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wage statements, and failing to pay them all wages due upon separation of employment.

157.    Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiffs is informed and believes and thereon alleges that Defendants have failed to pay Plaintiffs and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

158.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of <u>Business and Professions Code</u> sections 17200, *et seq*. <u>Business and Professions Code</u> section 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

159.    As a result of Defendants' violations of the <u>Labor Code</u> during the applicable limitations period as alleged herein, Plaintiffs have suffered an injury-in-fact and have lost money or property in the form of earned wages. Specifically, Plaintiffs have lost money or property as a result of the aforementioned conduct.

160.    Plaintiffs are informed and believe that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

161.    Due to its unfair and unlawful business practices in violation of the <u>Labor</u>

Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

162.    Pursuant to <u>Business and Professions Code</u> section 17203, Plaintiffs, on behalf of themselves and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

163.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, prays for relief and judgment against Defendants as follows:

A.  An order that the action be certified as a class action;

B.  An order that Plaintiffs be appointed class representative;

C.  An order that counsel for Plaintiffs be appointed class counsel;

D.  Unpaid Wages;

E.  Actual Damages;

F.  Liquidated Damages;

G.  Restitution;

H.  Declaratory relief;

I.  Pre-judgment interest;

J.  Statutory penalties;

K.  Civil penalties;

L.  Costs of suit;

M.  Reasonable attorneys' fees; and

N.  Such other relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, on behalf of themselves, all others similarly situated, hereby demands a jury trial on all issues so triable.


DATED: January 24, 2018                    SETAREH LAW GROUP



                              BY ___/s/ Shaun Setareh_____
                                 SHAUN SETAREH
                                 Attorneys for Plaintiffs,
                                 MONIQUE RAQUEDAN and RONALD
                                 MARTINEZ