UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RODRIGO RAQUEDAN, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTERPLATE OF DELAWARE INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 5:17-cv-03828-LHK (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re: Dkt. No. 54 |

Rodrigo Raquedan ("Raquedan") in May 2017 filed in Santa Clara County Superior Court a putative class action against his former employer, Centerplate of Delaware, Inc. ("Centerplate"). Centerplate employees work at concessions located in various California entertainment venues (i.e.: stadiums, theaters, etc.). The suit alleges eight claims for relief based on violations of the wage and hour provisions of the California Labor Code and one claim for unfair competition under the California Business and Professions Code. Broadly speaking, the claims seek damages for Centerplate's failure to pay all amounts due to its California workers with respect to security checks, meal and rest breaks, vacation and sick time, and reimbursement for out-of-pocket business expenses. Centerplate removed the case to this court in July 2017.

## The Discovery Requests

On October 10, 2017 Raquedan propounded Special Interrogatories Set #1, which asked for a "class list," the names, addresses, and other pertinent information for the members of the defined putative class, as well as separate lists for the various, defined sub-classes. Defendant responded shortly thereafter with wholesale objections: attorney-client privilege, confidential and proprietary information, vague and ambiguous terminology (i.e.: "supervises", "worked" and "location," "records"), no prima facie showing, compound, unduly burdensome, and improper class representative). In short, it declined to provide any information.

Also on October 10, 2017, Raquedan propounded Special Interrogatories Set #2, which inquired about the kinds and types of wage and hour records defendant kept on its employees, about policies and documentation on meal and rest breaks, sick time, wage statements, etc., and about people in defendant's organization with knowledge of these matters. Defendant responded with a laundry list of objections and declined to provide any information.

On October 16, 2017, plaintiff propounded his Requests for Production of Documents Set #1 ("RFPs"). Broadly speaking, these asked for time and payroll records, copies of HR manuals and employee handbooks, documents recording or accounting for meal and rest breaks, management training material about meal and rest breaks, sick time policy and calculations, reimbursement policies on employee uniform purchases and out of pocket business expenses, and documents about security check policies and practice, including videos of actual security checks. Centerplate responded by objecting to everything and producing nothing.

Also on October 16, 2017 plaintiff propounded Requests for Admissions Set#1 ("RFAs"). Defendant objected at length to each Request and refused to admit or deny any of them.

## Discussion

On January 24, 2018, the presiding judge in this case held a further Case Management Conference ("CMC"). She began by observing she did not want the substitution of named plaintiffs (which had been approved by the court the day before) to delay the case going forward. She wanted to "keep the case on track." (Dkt. 36 at 2).s The deadline for filing a class certification motion had been set in a previous order at July 23, 2018. Was that still doable?

1   Defense counsel said they had not yet decided whether to simply answer the amended complaint
2   or to challenge it. Plaintiffs' counsel stated discovery had been propounded to defendant, but all
3   they had gotten back so far were objections. For example, he said that they had not even been able
4   to get a class contact list from the defendant, a statement which prompted the presiding judge to
5   observe that such a list was surely needed for a class certification motion: "It's no surprise that
6   you would need a class list." (Id. at 4). And, plaintiffs' counsel feared there would be further
7   delay if defendant insisted that the discovery be re-propounded because there were now two new
8   named plaintiffs in place of the former one. Defense counsel said that "some" of their objections
9   to the outstanding discovery had been because the original named plaintiff had a criminal
10  conviction for identity theft, which---he asserted---justifiably had caused defendant to balk at
11  giving such a person access to private class member information. He told the court that now they
12  would re-evaluate their discovery responses in light of what they concluded about the suitability of
13  the new named plaintiffs. He said they "don't want to waste judicial resources" and would meet
14  and confer over the outstanding discovery with plaintiffs' counsel. (Id. at 6).

15  On February 23, 2018 Centerplate filed a FRCP 12(b)(1) and 12(b)(6) motion to dismiss
16  plaintiffs' Second Amended Complaint and set the hearing for August 8, 2018. (Shortly after the
17  filing, the presiding judge advanced the hearing to July 5, 2018.) The thrust of this motion is that
18  the settlement of a previous class action against Centerplate released all the claims that are being
19  asserted in this case. Plaintiffs, not surprisingly, contend that the earlier release did no such thing.
20  It remains to be seen how the presiding judge will decide.

21  Well, whatever meeting and conferring took place between the attorneys following the
22  January 24th court hearing (which reportedly included a face-to-face one hour meeting between
23  lead counsel) did not produce a resolution of the discovery impasse. In fact, it produced no
24  substantive discovery responses at all.

25  On March 30, 2017 the parties filed Discovery Dispute Joint Report ("DDJR") #1. In
26  DDJR #1, plaintiffs tell the court they have been denied any and all discovery. No documents.
27  No answers to interrogatories. Nothing. This is not the typical situation where the two sides
28  negotiate over the scope and breadth of discovery, reach agreement on some, and then ask the

3

court to sort out what they cannot agree on. The two sides apparently never got to the point of negotiating over scope and breadth of any particular discovery request. Simply put, defendant refused to produce anything. Defendant did not base its refusal on some perceived character shortcomings with the two new named plaintiffs, nor on the quibble that the outstanding discovery requests had not been re-propounded in the name of the two new named plaintiffs, nor on the myriad objections made in its initial replies to the requests. And, it did not even argue that the discovery was not relevant to class certification issues. Instead, its position now is that plaintiffs are not "entitled" to any discovery unless they survive defendant's recently filed motion to dismiss. Defendant tells the court that "no discovery should be ordered unless and until the Court determines that these Plaintiffs have pled sufficient facts to make out a plausible claim for relief." (Dkt. 54 at 12).

At the January 24th CMC defense counsel said nothing about possibly asking for a stay on any discovery if it were to file a motion to dismiss. Surely, if it felt a stay was in order, it should at the latest have brought that to the presiding judge's attention when it did file its motion to dismiss in February. If it had done so, surely plaintiffs would have objected, and then the presiding judge would have decided whether to grant it and, if so, whether the existing case management schedule should be extended.

However, and this truly rankles the court, Centerplate did not seek an order staying discovery. Instead, Centerplate gave itself a stay on discovery, leaving it to plaintiffs to shoulder the burden of looking to this court for relief. Especially because the clock keeps ticking down to the filing deadline for a class certification motion, Centerplate's conduct appears both presumptuous and improper. Unless defendant hits a home run with its motion to dismiss, a whole lot of time has been wasted.

The presiding judge was not asked to stay discovery and has not done so. This court was not asked to stay discovery (and would not have the authority to do so without express direction from the presiding judge). The only grounds asserted by defendant in DDJR#1 for refusing to comply with plaintiffs' discovery requests are that Centerplate was entitled to a discovery stay. It has obtained no order granting the entitlement it chose, erroneously, to assume it had. If defendant

had in good faith seriously negotiated with plaintiffs over slimming down or cutting back on some of the discovery requests, with the aim of then actually producing what's fair, then this court would have been willing to dig into the particulars to rule on where they disagreed. But, that give and take never took place (or, never was reported to the court). At this juncture, the court feels its choices are either to retroactively approve a de facto stay (rewarding defendant's conduct), or to order full compliance with the discovery requests. The court opts for ordering full compliance.

Accordingly, the court orders Centerplate to fully and completely answer Special Interrogatories Set #1 and Special Interrogatories Set #2, to produce the documents sought in Requests for Production of Documents Set #1, and to respond to the Request for Admissions Set #1. All objections are overruled except as to information claimed protected by the attorney-client privilege or work product doctrine (which must be identified in a proper privilege log).

Since the deadline for filing a class certification motion currently remains at July 23, 2018, discovery production must be accomplished quickly. Defendant has had many months to prepare itself for such a possible eventuality. If defendant feels a protective order is needed, the parties must meet and confer and agree on a protective order to be submitted to this court for its approval no later than April 20, 2018. No later than April 27, 2018, defendant shall provide its answers to the first set of interrogatories. If an "opt-out" letter to class members is contemplated, then the parties shall agree on its language and submit it for approval by May 4, 2018. The second set of interrogatories shall be answered by May 11, 2018. With respect to the RFPs, defendant shall begin a rolling production starting now, to be completed by May 28, 2018. The RFAs shall be responded to by June 4, 2018.

If an appeal is taken from this order, compliance is stayed until the appeal is resolved.

SO ORDERED.

Dated: April 13, 2018

HOWARD R. LLOYD
United States Magistrate Judge