UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONIQUE RAQUEDAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTERPLATE OF DELAWARE INC, <br><br> Defendant. | Case No.17-cv-03828-LHK (VKD) <br><br> **ORDER RE OCTOBER 11, 2018 JOINT DISCOVERY LETTER RE PLAINTIFF'S WRITTEN DISCOVERY REQUESTS** <br><br> Re: Dkt. No. 78 |

Plaintiffs sue for themselves and on behalf of a putative class for alleged wage-and-hour violations under various provisions of the California Labor Code. In a prior discovery dispute, defendant Centerplate of Delaware, Inc. ("Centerplate") was ordered to answer plaintiffs' interrogatories and requests for admission, and to produce documents responsive to plaintiffs' requests for production. Dkt. No. 56.

The parties' October 11, 2018 joint discovery letter brief presently before this Court concerns the same written discovery requests at issue in the prior matter. Plaintiffs complained that although Centerplate agreed to supplement its discovery responses and to produce policy and payroll records, it had not yet done so. Specifically, plaintiffs said that they still had not received the discovery, even though Centerplate initially agreed to produce the discovery by the end of August, and later said it would do so by the end of September.

At the October 23, 2018 hearing on this matter, Centerplate represented that, shortly after the present discovery letter brief was filed, Centerplate served its supplemental discovery responses and produced the agreed-upon documents, except for 2,100 records. As for those records, which Centerplate says are in PDF format, the sole issue is one of timing. Centerplate claims that production of those records is a time-consuming task that requires manual review and

redaction of the names of approximately 400 putative class members who do not want plaintiffs' counsel to have their personnel records. To expedite production, Centerplate says it offered to produce a sampling of the documents, but plaintiffs refused.

Plaintiffs should have brought this matter to the Court's attention much sooner than they did. Nevertheless, as discussed at the hearing, to facilitate a resolution of this matter and to provide plaintiffs with at least some information sooner rather than later, the Court orders as follows:

1. With respect to the records that Centerplate said are ready for production, Centerplate shall produce those documents immediately.

2. By October 26, 2018, Centerplate shall produce the remaining PDF records, with all personnel names redacted. This is solely to expedite the production of records to plaintiffs and in no way relieves Centerplate of its obligation to produce those records to plaintiffs pursuant to the prior discovery order.

3. By October 26, 2018, Centerplate shall file a proposed schedule for the production of the remaining PDF records, which production shall contain redactions only for the 400 putative class members who do not want their information disclosed. This Court expects that the production should be completed no later than 30 days from the date of this order.

The Court declines to address plaintiffs' request for sanctions, which was not properly filed or briefed. To the extent plaintiffs intend to pursue their request for sanctions, any such motion must be filed in compliance with Civil Local Rule 37-4 and this Court's Standing Order for Civil Cases, https://cand.uscourts.gov/filelibrary/3438/Standing-Order-for-Civil-Cases-August-23-2018.pdf and consistent with the Court's comments at the October 23, 2018 hearing.

**IT IS SO ORDERED.**

Dated: October 23, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge