UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONIQUE RAQUEDAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CENTERPLATE OF DELAWARE INC,<br><br>    Defendant. | Case No. 17-CV-03828-LHK<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE PLAINTIFF AWARDS**<br><br>Re: Dkt. Nos. 168, 170 |

On July 3, 2019, after the parties filed a Third Amended Settlement ("Settlement Agreement") and Third Amended Class Notice, the Court granted preliminary approval of the parties' Joint Motion for Class Action Settlement and Release. ECF No. 162 ("July 3, 2019 Preliminary Approval Order"); *see also* ECF Nos. 159-1, 159-2. On August 30, 2019, the parties notified the court that the appointed Settlement Administrator made material errors in the Class Member Settlement Information Sheet that was mailed to class members. ECF No. 165. On September 3, 2019, the Court granted the parties' stipulation to approve the mailing of a corrected Class Member Settlement Information Sheet.

On September 23, 2019, Plaintiffs filed the instant motion for attorney's fees, costs, and

1

1  class representative plaintiff awards. ECF No. 168. On October 17, 2019, the parties filed their joint motion for final approval of class action settlement. ECF No. 170. The motion for attorney's fees, costs, and class representative plaintiff awards and the joint motion for final approval of class action settlement came on for a hearing before this Court on November 21, 2019. The Court raised issues regarding final approval of the settlement, Class Counsel's costs, and Class Counsel's billing records both before and during the November 21, 2019 hearing, and the parties filed additional supplemental declarations in response. ECF Nos. 172-182.

Due and adequate notice having been given to Class Members as required by the Court's July 3, 2019 Preliminary Approval Order and September 3, 2019 Order Approving Mailing of Corrected Class Member Settlement Information; and the Court having considered the motion for attorney's fees, costs, and class representative plaintiff awards, the motion for final approval of class action settlement, the Settlement Agreement, the arguments of counsel at the November 21, 2019 hearing, and supplemental declarations following the November 21, 2019 hearing; and having received no objections to the settlement; and determining that the settlement is fair, adequate and reasonable, it is hereby ORDERED AS FOLLOWS:

1. Pursuant to the Preliminary Approval Order, a Notice of Proposed Settlement, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval; a Class Member Settlement Information Sheet; and an Election Not to Participate in Settlement were sent in English and Spanish to each Class Member by first-class U.S. mail. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Class Members filed written objections to the proposed Settlement as part of this notice period or stated an intention to appear at the final approval hearing. The Court finds and determines that this notice procedure afforded adequate

protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable and satisfied the requirements of law and due process.

2. In addition to the notice to the Class, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides have been given notice of the Settlement. Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval of the Settlement was filed with the Court, Centerplate served upon the appropriate state official of each state in which a Class Member resides and the appropriate federal official a notice of the Settlement consisting of a copy of the operative complaint in this action; a notice of the scheduled judicial hearing; the Settlement with its exhibits; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement. The notice of Settlement also invited comment on the Settlement. The Court finds and determines that Centerplate's notice of the Settlement was timely, adequate, and compliant with the statutory requirements of CAFA.

3. In addition to the notice to the Class and the CAFA notice described above, the California Labor and Workforce Development Agency (the "LWDA") has been given timely notice of the Settlement pursuant to the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699(l)(2). The notice of Settlement invited comment on the Settlement. The Court finds and determines that this notice of the Settlement was timely, adequate, and compliant with PAGA.

4. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified as a class for

1  purposes of the Settlement.

2      5. The Settlement Administrator noted that it received opt outs from 71 Class Members, though 16 of those opt outs were deemed deficient. ECF No. 178 ¶ 5. The Settlement Administrator followed up with the 16 Class Members who submitted allegedly deficient opt outs. Of the 16 Class Members who submitted allegedly deficient opt outs, 4 Class Members confirmed that they were opting out. Of the 12 remaining Class Members with allegedly deficient opt outs, the Court finds that 6 are valid opt outs and that 6 do not qualify as opt outs.

    6. The Court finds that the opt outs for the following Class Members are valid: (1) Raymond Chestnut, ECF No. 178, Ex. A; (2) Kirsten Clauveh, *id.*, Ex. B; (3) Jose Alfredo Vera, *id.*, Ex. C; (4) Daniel Schwartz, *id.*, Ex. D; (5) Sandra Barrera, *id.*, Ex. E; and (6) Carol Perrigo, *id.*, Ex. F.

    7. The Court finds that the following Class Members did not intend to opt out of the Settlement: (1) Susanna Wong, *id.*, Ex. G; (2) Anderson Penn, *id.*, Ex. H; (3) Christopher Moore, *id.*, Ex. I; (4) Hnin Lwin, *id.*, Ex. J; (5) David Bonilla, *id.*, Ex. K; and (6) Ming Run Xie, *id.*, Ex. L.

    8. The Court finds that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid opt outs in accordance with the Settlement Agreement and the Preliminary Approval Order will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

    9. The Court finds and determines that the Settlement Shares to be paid to the Class Members, as provided for by the Settlement, are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Class Members out of the Net Settlement Amount in accordance with the Settlement.

    10. Final approval shall be with respect to: All non-exempt employees of Centerplate who worked for Centerplate in the State of California at any time from May 24, 2013, to March 31, 2019, excluding those individuals who already have resolved all the claims asserted in the Action,

whether by settlement or adjudication.

11. The named Plaintiffs Ronald Martinez and Monique Raquedan are suitable representatives and are hereby appointed the representatives for the Settlement Class. The Court finds that Plaintiffs' investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that their interests are aligned with those of the Settlement Class.

12. The Court appoints Setareh Law Group LLP as Class Counsel. The Court finds that counsel have demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Settlement Class.

13. Defendant shall pay Class Members a gross settlement amount of $5,450,000 pursuant to the procedure described in the Settlement Agreement. Defendant shall have no further liability for costs, expenses, interest, attorney's fees, or for any other charge, expense, or liability, except as provided in the Settlement Agreement.

14. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on all Class Members who did not timely and properly opt out of the settlement. These Class Members have released and forever discharged the Defendant for any and all Released Claims.

15. The Settlement Agreement provides for a reasonable recovery to the class. Approximately $3,889,077.31 is available to pay Class Members. This figure was determined by subtracting Class Counsel Fees of $1,362,500; Class Counsel Costs of $25,922.69; Service Awards of $10,000 for Named Plaintiffs Ronald Martinez and Monique Raquedan; PAGA penalties of $112,500; and Administration Costs of $50,000 from the Maximum Settlement Amount of $5,450,000. The Settlement Administrator estimated that there are "9,951 Class Members who

5

Case No. 17-CV-03828-LHK
ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE PLAINTIFF AWARDS

will be paid their portion of the Net Settlement Fund." ECF No. 169-4 ¶ 13. Under these figures, the Settlement Agreement provides an average estimated payment of $390.82 per Class Member.

16. The Settlement Agreement did not require a claim form and did not provide for a reversion to Defendant. Settlement checks that are uncashed after 180 days will be paid to the California Division of Labor Standards Enforcement's Unpaid Wages Fund in the name of the Class Member.

17. Class Counsel's claimed lodestar is $685,008. ECF No. 168 at 14. However, the Court notes that Class Counsel's claimed lodestar includes unreasonable charges. "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

18. For example, Class Counsel filed requests to appear telephonically at March 15, 2018; May 30, 2018; September 19, 2018; October 18, 2018; and February 27, 2019 court proceedings. ECF Nos. 46, 61, 74, 87, and 133. These five requests consist of nearly identical language with the exception of the date and time of the court proceeding, *e.g.*, "TO THIS HONORABLE COURT: Lead counsel for Plaintiff Rodrigo Raquedan, (Shaun Setareh and Thomas Segal), respectfully request permission to appear by telephone at the Further Case Management Conference . . . . Lead Counsel is located in Beverly Hills, California." ECF Nos. 46, 61, 74, 87, and 133. The identical nature of these requests is underscored by the fact that Class Counsel's proposed order for its September 19, 2018 telephonic appearance request included the proposed order for Class Counsel's May 2018 telephonic appearance request. *See* ECF No. 74 at 3. In other words, Class Counsel copied a prior request to appear telephonically without changing the date. Despite reusing the same request to appear telephonically, Class Counsel charged $1,131.25 in total for these requests. *See* ECF No. 175-4 at 3, 5, 15, 38. For simple, boilerplate requests that can easily be copied and reused, a total charge of $1,131.25 is excessive and redundant. *Van Gerwin*, 214 F.3d at 1045 (quotation marks omitted).

6

19. Similar overcharges for other administrative tasks are present throughout Class Counsel's request for fees. Many of these charges charge 15 minutes of attorney time for simple administrative tasks. "[A] one-tenth hour timekeeping practice is generally reasonable," but even then, courts often "reduc[e] by half multiple 0.1 hour time entries for routine docket entries." *Jacobson v. Persolve, LLC*, 2016 WL 7230873, at *10 (N.D. Cal. Dec. 14, 2016) (citing *Kalani v. Starbucks Corp.*, 2016 WL 379623, at *8 (N.D. Cal. Feb. 1, 2016)). Here, Class Counsel consistently billed in 0.25 hour time increments for routine docket entries. For example, Class Counsel charged 15 minutes or $112.50 on July 2, 2018 for reading a notice taking a motion under submission without oral argument. *Id.* at 13. The July 2, 2018 notice taking a motion under submission without oral argument, however, is a short, four-line docket entry. ECF No. 69.

| 07/02/2018 | 69 | CLERK'S NOTICE TAKING MOTION UNDER SUBMISSION WITHOUT ORAL ARGUMENT. The Motion to Dismiss (ECF No. 40) before Judge Lucy H. Koh previously noticed for 7/5/18 at 1:30 PM has been taken under submission without oral argument. The 7/5/18 hearing is VACATED. The Court to issue further Order on the submitted motion. *(This is a text-only entry generated by the court. There is no document associated with this entry.)*(iym, COURT STAFF) (Filed on 7/2/2018) (Entered: 07/02/2018) |

20. Class Counsel charged $87.50 for 15 minutes of attorney time twice without explaining what tasks Class Counsel completed. ECF No. 175-4 at 37.

| 4/30/2018 | Lilit Ter-Astvatsatryan | Communicate (in firm) | $350.00 | 0.25 | $87.50 | |
| 5/4/2018 | Lilit Ter-Astvatsatryan | Communicate (in firm) | $350.00 | 0.25 | $87.50 | |

21. On November 13 and 14, 2018, Class Counsel billed 0.25 hours at least six separate times for emailing notices of appearance or a stipulation within the firm. ECF No. 175-4 at 8. Class Counsel charged a total of $562.50 for these emails. *Id.*

| 11/13/2018 | Ashley Batiste | Communicate (in firm) | $375.00 | 0.25 | $93.75 | email re notice of appearance |
| 11/13/2018 | Ashley Batiste | Communicate (in firm) | $375.00 | 0.25 | $93.75 | email ss re reply brief deadline |
| 11/13/2018 | Ashley Batiste | Communicate (in firm) | $375.00 | 0.25 | $93.75 | email re notice of appearance |
| 11/13/2018 | Ashley Batiste | Communicate (in firm) | $375.00 | 0.25 | $93.75 | email JF re notice of appearance |
| 11/13/2018 | Ashley Batiste | Communicate (in firm) | $375.00 | 0.25 | $93.75 | email re notice of appearance |
| 11/13/2018 | Ashley Batiste | Communicate (in firm) | $375.00 | 0.25 | $93.75 | discuss notice of appearance with JF |
| 11/13/2018 | Ashley Batiste | Communicate (in firm) | $375.00 | 0.25 | $93.75 | email re stip |
| 11/14/2018 | Ashley Batiste | Draft and Revise | $375.00 | 0.75 | $281.25 | draft stip re opposition deadline |
| 11/14/2018 | Ashley Batiste | Communicate (in firm) | $375.00 | 0.25 | $93.75 | email stip to team |

On October 30, 2018 and January 28, 2019, Class Counsel billed 15 minutes of attorney time for leaving a voicemail and texting or emailing a client. *Id.* at 15, 18. Class Counsel charged $225.00 for these two time entries. *Id.*

| 10/30/2018 | Farrah Grant | Communicate (client) | $450.00 | 0.25 | $112.50 | left vm and text |
|---|---|---|---|---|---|---|
| 1/28/2019 | Farrah Grant | Communicate (client) | $450.00 | 0.25 | $112.50 | Leave vm for Ronald and send email |

These routine docket entries should not take 0.25 hours to complete, and the billing charges for them are "excessive" and "unnecessary." *Van Gerwin*, 214 F.3d at 1045 (quotation marks omitted). In the future, Class Counsel should bill for routine tasks in 0.05 and 0.10 hours increments. *See Jacobson*, 2016 WL 7230873, at *10. For examples of proper billing practices, the Court points to the time entries of attorney William M. Pao. Mr. Pao properly billed in 0.05 and 0.10 hour increments for small administrative tasks such as leaving voicemails or emailing documents within the firm. *See id.* at 21-26.

| 10/9/2017 | William M. Pao | Communicate (client) | $450.00 | 0.05 | $22.50 | called Monique Racquedan and sent email |
|---|---|---|---|---|---|---|
| 10/10/2017 | William M. Pao | Communicate (in firm) | $450.00 | 0.15 | $67.50 | sent email to SS re Monique Raquedan |
| 10/10/2017 | William M. Pao | Communicate (client) | $450.00 | 0.05 | $22.50 | left msg for client |
| 10/11/2017 | William M. Pao | Communicate (client) | $450.00 | 0.05 | $22.50 | spoke with Monique Raquedan |
| 10/11/2017 | William M. Pao | Communicate (client) | $450.00 | 0.05 | $22.50 | called client |
| 10/13/2017 | William M. Pao | Communicate (client) | $450.00 | 0.05 | $22.50 | called and left message for Monique Raquedan |
| 10/17/2017 | William M. Pao | Communicate (client) | $450.00 | 0.05 | $22.50 | called client |

22. Finally, Class Counsel acknowledged at the November 21, 2019 hearing that its attorneys billed in 0.25 hour increments and that Class Counsel would file a declaration updating its lodestar calculations with proper billing in 0.10 hour increments. Class Counsel filed a declaration on December 10, 2019 that reduced the lodestar by billing in increments of 0.10 hours instead of 0.25 hours. ECF No. 182. Class Counsel noted that these changes resulted in a lodestar of $665,997.25. *Id.* ¶ 7. While these reductions do not cover all of the aforementioned excessive or unnecessary charges, the Court accepts the reduced lodestar of $665,997.25.

23. Nonetheless, even accepting Class Counsel's reduced lodestar of $665,997.25, the Court

8

holds that Class Counsel's request for 33.33% of the common fund—or $1,816,667—is not reasonable. Specifically, Class Counsel's request of $1,816,667 results in a positive multiplier of approximately 2.73. The Ninth Circuit has characterized 25% of the settlement amount as the "starting point" for the award of attorney's fees but simultaneously noted that 25% may not be fitting in all cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). District courts may depart from the 25% benchmark rate by "providing adequate explanation in the record of any 'special circumstances.'" *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). In the end, "[s]election of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. Here, no special circumstances warrant an award of 33.33% of the common fund.

24. In the Supplemental Setareh Declaration, Shaun Setareh explains the maximum potential exposure for the various claims brought in this action are as follows: $3,232,182 for the security check claim, ECF No. 179 ¶ 12 ("Supp. Setareh Decl."); $18,948,936 for waiting time penalties, *id.* ¶ 21; $5,168,200 for wage statement penalties, *id.* ¶ 22; $3,147,884.334 for rest break premiums, *id.* ¶ 26; $2,894,432.43 for meal break premiums, *id.* ¶ 30; and $26,327,000 for PAGA penalties, *id.* ¶ 36. Therefore, the total maximum potential exposure for all the claims brought here is $59,628.635. The Settlement Fund of $5,450,000 represents approximately 9.1% of the maximum potential exposure exposure. Furthermore, even with a lodestar of $665,997.25, an award of 25% of the common fund represents a positive multiplier of 2.05  The Court therefore finds that an award of 25% of the common fund—or $1,362,500—is reasonable and warranted.

25. Additionally, Class Counsel filed an updated bill of costs with receipts on December 5, 2019. *See* ECF Nos. 179-8, 179-9. The Court disallows some of Class Counsel's requested costs as follows.

26. Class Counsel requested total costs of $5,503.00 for legal research from Thomson Reuters West. *See* ECF No. 179-9. However, as noted in the Supplemental Setareh Declaration, Class Counsel did not incur $5,503.00 of costs for legal research. Supp. Setareh Decl. ¶ 56. Rather,

Class Counsel noted that the actual "charges paid were $199.12" due to "subscription related discounts." *Id.* Class Counsel also explained that it "does not object to reducing any award by $5,303.88," the difference between Class Counsel's requested costs of $5,503.00 and its actual incurred costs of $199.12. *Id.* Accordingly, the Court allows legal research costs of $199.12, Class Counsel's actual incurred costs for legal research.

27. Additionally, the Court disallows an additional $1,263.38 in requested costs because Class Counsel did not provide adequate documentation of those costs. Specifically, Class Counsel did not explain any of these costs in the Supplemental Setareh Declaration. Supp. Setareh Decl. ¶ 40-58. Class Counsel also noted that it "does not have receipts in the file or was not able to gather the documentation" for some of the charges but fails to explain which charges are affected. *Id.* ¶ 57. The disallowed costs are as follows:

 A. The Court disallows charges of $129.59 (dated December 14, 2018) and $62.00 (dated January 12, 2018) for "Thomas A Segal" because there are no invoices or supporting documentation for these charges and Class Counsel's description of "Thomas A Segal" does not explain how these charges are related to this case.

 B. The Court disallows a charge of $803.79 for "Proper SF Hotel San Francisco" on November 13, 2018, because Class Counsel did not explain this charge in the Supplemental Setareh Declaration in the section regarding hotel charges, *id.* ¶ 45, and because Class Counsel did not submit any invoices or supporting documentation for this charge. Indeed, the $803.79 charge is dated November 13, 2018, but Class Counsel already requested a $213.31 charge and a $653.98 charge for hotels for Mr. Segal and Mr. Setareh on November 13, 2018. *Id.*; ECF No. 179-8 at 30-32, 36. Unlike the $213.31 and $653.98 charges, the $803.79 charge is not supported by any invoices or supporting documentation. Accordingly, the Court disallows the $803.79 charge for "Proper SF Hotel San Francisco."

 C. The Court disallows a charge of $268.00 for "Barkley Court Reporters" from October

10

Case No. 17-CV-03828-LHK
ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE PLAINTIFF AWARDS

1  29, 2018.  Class Counsel explained and submitted invoices and supporting
2  documentation for a number of charges from the Barkley Court Reporters, Supp.
3  Setareh Decl. ¶ 51, but the $268.00 charge is not one of them.  While Class Counsel
4  explains and submitted supporting documentation for other charges from the Barkley
5  Court Reporters—for example by explaining that costs are related to the depositions of
6  Cynthia Tostado, Cheryl Taylor, Blanca Roberts, Vickie Householders, and David
7  Winarski and providing invoices and receipts—Class Counsel provides no such
8  explanation or documentation for this $268.00 charge.  *Id.*; ECF No. 179-8 at 20-21,
9  26-27, 29.  As a result, the Court disallows the $268.00 charge for "Barkley Court
10 Reporters."

28. The Court accordingly awards Class Counsel Setareh Law Group LLP a total of $1,362,500 in attorney's fees and $25,922.69 in costs and expenses.  ECF Nos. 179, 179-8,179-9.

29. The Court awards Class Representative Incentive Awards of $5,000 to each of Plaintiffs Ronald Martinez and Monique Raquedan.

30. The Court finds and determines that the fees and expenses in administrating the Settlement, in the amount of $50,000, are fair and reasonable.  The Court hereby gives final approval to and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

31. The Court finds and determines that payment to the LWDA, as its share of the amount allocated to PAGA penalties, in the amount of $112,500, is fair and reasonable.  The Court hereby gives final approval to and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

32. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

33. Nothing in this order will preclude any action to enforce the parties' obligations under the

Settlement or under this order, including the requirement that Centerplate make payments to the Class Members in accordance with the Settlement.

34. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

35. Pursuant to the Settlement, plaintiffs and all Class Members who did not timely submit valid elections not to participate are permanently barred from prosecuting against Centerplate, and its parents, predecessors, successors, subsidiaries, affiliates, joint ventures, and trusts (including but not limited to Centerplate, Inc.; Centerplate Ultimate Holdings Corp.; Centerplate Holdings Corp.; KPLT Holdings, Inc.; Volume Services, Inc.; Volume Services America Inc.; and Sodexo, Inc.), and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Settlement.

36. The parties are hereby ordered to comply with the terms of the Settlement.

37. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of Class Action Settlement filed on July 3, 2019, and this Order.

38. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The Parties will bear their own costs and attorney's fees except as otherwise provided by this Order.

**IT IS SO ORDERED.**

Dated: December 16, 2019

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

Case No. 17-CV-03828-LHK
ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE PLAINTIFF AWARDS